## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) KIM LOCKWOOD and<br>(2) V. KATHLEEN LOCKWOOD,<br>Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>(1) STATE FARM FIRE AND<br>CASUALTY COMPANY, a foreign for-<br>profit insurance corporation; and<br>(2) GARY AND JANA BACCUS, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)         Case No.: CIV-21-857-D<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

1. State Farm Fire and Casualty Company ("State Farm") is Defendant in a civil action brought against it in the District Court of Oklahoma County, State of Oklahoma, and titled *Kim Lockwood and V. Kathleen Lockwood, Husband and Wife, Plaintiffs, v. State Farm Fire and Casualty Company, a foreign for-profit insurance corporation; and Gary and Jana Baccus, LLC, Defendants*, Cause No. CJ-2021-3236.

2. At the time of filing this action and at the present time, Plaintiffs Kim Lockwood and V. Kathleen Lockwood were and are residents and citizens of the State of Oklahoma.

3. At the time of the filing of this action and at the present time, State Farm was and is a foreign corporation, duly organized and existing under the laws of the State of

Illinois and no other state, with its principal place of business in Illinois; it is not a citizen of Oklahoma.

4. Plaintiffs do not properly allege the citizenship of Separate Defendant Gary and Jana Baccus, LLC. The citizenship of limited liability companies is determined based upon the citizenship of its members, *cf. Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234-35 (10th Cir. 2015), and Plaintiffs neither recognize that fact nor allege their membership. In any event, while the sole members of Gary and Jana Baccus, LLC appear to be Gary Baccus and Jana Baccus, both of whom are residents of the State of Oklahoma, their citizenship is immaterial because Gary and Jana Baccus, LLC is a fraudulently joined party against whom Plaintiffs have "no possibility" of stating any legal claim for recovery. *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (citing *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013)). Therefore, as set forth below and apparent from the Petition, this Court should disregard the alleged citizenship of Gary and Jana Baccus, LLC for purposes of diversity.

5. As the United States Supreme Court has recognized for well over a century, the right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Thus, the domicile of Gary and Jana Baccus, LLC is immaterial because there is no "reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharms., Inc.*, 203 Fed. App'x. 911, 913 (10th Cir. 2006) (noting that actual fraud is not necessary for finding of fraudulent

joinder). There are two independently dispositive reasons that Plaintiffs cannot succeed on any claim against Gary and Jana Baccus, LLC.

6. First, Plaintiffs have filed suit against Gary and Jana Baccus, LLC but have not pled a single factual allegation against this legal entity. Plaintiffs have instead pled sparse allegations against non-party Gary Baccus without alleging how his actions are imputed to Gary and Jana Baccus, LLC. Without allegations against Gary and Jana Baccus, LLC, Plaintiffs have no reasonable basis for recovery.[1]

7. Second, even assuming Plaintiffs intended to sue non-party Gary Baccus — the insurance agent who helped procure the policy on which they sue — the only claims against insurance agents recognized by Oklahoma law are not and cannot possibly be alleged here. To succeed on their claims for negligence and negligent misrepresentation, Plaintiffs would have to show that "by the agent's fault, insurance [was] not procured as promised and the insured suffered a loss." *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). Here, Plaintiffs have pled unambiguously that they received the coverage they were promised. *See* Petition, Dkt. #1-1, at ¶ 11 ("[w]ind and hail perils are not limited or excluded from coverage under Plaintiffs' policy of insurance"). Plaintiffs' complaint is simply that State Farm did not pay the amount Plaintiffs believe was owed for the alleged wind and hail, not that such coverage did not exist. Without any dispute as to the coverage procured, Plaintiffs cannot recover from their agent. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1281 (N.D. Okla. 2006) (finding fraudulent joinder of insurance

---

[1] Plaintiffs' pleadings presume a relationship between Gary and Jana Baccus, LLC and Gary Baccus agency operations which do not, and are not alleged, to exist.

agent); *Hernandez v. Liberty Ins. Corp.*, 73 F. Supp. 3d 1332 (W.D. Okla. 2014) (same); *Smith v. Allstate Vehicle and Prop. Ins. Co.*, No. CIV-14-0018-HE, 2014 WL 1382488, at *2 (W.D. Okla. 2014) (same); *Dabbs v. Shelter Mut. Ins. Co.*, No. CIV–15–148–D, 2015 WL 5730569 (W.D. Okla. 2015) (same).

8. Gary and Jana Baccus, LLC has not yet been served in this matter, at least to the present knowledge of the undersigned counsel. Because Gary and Jana Baccus, LLC has not been served, its consent is not needed for removal. 28 U.S.C. §1446(b)(2)(a). In any event, consent is only required from "defendants who have been properly joined," *id.*, and, as set forth *supra*, Gary and Jana Baccus, LLC is an improperly joined party.[2]

9. Plaintiffs claim to be entitled to recover an amount exceeding that specified by 28 U.S.C. §1332 to invoke federal diversity jurisdiction and, therefore, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Because the properly joined parties are diverse and the amount in controversy exceeds $75,000, this is the kind of action of which the United States District Courts have original jurisdiction because of diversity of citizenship and sufficiency of amount in controversy.

---

[2] Indeed, as an improperly joined party, Gary and Jana Baccus, LLC is not subject to this Court's jurisdiction and Plaintiffs' claims against Gary and Jana Baccus, LLC must be dismissed. *Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *Hicks v. FG Mins. LLC*, No. CIV-19-203-TDD, 2020 WL 2104928, at *6 (E.D. Okla. May 1, 2020); *Jonnada v. Liberty Ins. Corp.*, No. CIV-19-456-D, 2019 WL 6119233, at *5 (W.D. Okla. Nov. 18, 2019).

11. The aforementioned action was commenced by service of summons upon the Oklahoma Department of Insurance on August 10, 2021. This Notice of Removal is, therefore, timely filed under the provisions of 28 U.S.C. § 1446.

12. A copy of the docket sheet and copies of all process, pleadings and orders filed or served upon State Farm in the aforementioned state action are attached hereto, marked Exhibits 1-2 and made a part hereof.

       Respectfully submitted,

       /s/ Timila S. Rother
       Timila S. Rother, OBA #14310
       Jordan E.M. Sessler, OBA #33264
       **CROWE & DUNLEVY, PC**
       Braniff Building
       324 N. Robinson Ave., Suite 100
       Oklahoma City, Oklahoma 73102
       Telephone: (405) 235-7700
       Facsimile: (405) 239-6651
       timila.rother@crowedunlevy.com
       jordan.sessler@crowedunlevy.com

       **ATTORNEYS FOR STATE FARM**

## CERTIFICATE OF SERVICE

I certify that on August 30, 2021, the same date this Notice of Removal was filed in the United States District Court for the Western District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named plaintiff by mailing said copies to the party's attorney of record:

Daniel Aizenman
Rebecca J. David
Aizenman Law Group, PLLC
5800 East Skelly Drive, Suite 575
Tulsa, Oklahoma 74135

and further that a copy of said Notice of Removal was delivered to the Oklahoma County Court Clerk for filing on the 30th day of August, 2021.

/s/ Timila S. Rother

4682759