

CJ-2021-3236
Ogden

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

AUG - 2 2021

RICK WARREN
COURT CLERK

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| KIM LOCKWOOD AND V. KATHLEEN LOCKWOOD, Husband and Wife,  )<br>)<br>)<br>)<br>     Plaintiffs,  )<br>)<br>v.  )<br>)<br>(1) STATE FARM FIRE AND CASUALTY COMPANY, a foreign for-profit insurance Corporation  )<br>)<br>)<br>)<br>)<br>(2) GARY AND JANA BACCUS, LLC,  )<br>)<br>)<br>     Defendants.  )<br>) | Case No.: _____<br><br>Judge: **CJ-2021-3236**<br><br>*Jury Trial Demanded*<br>*Attorney Lien Claimed* |

## PETITION

**COME NOW** the Plaintiffs, Kim Lockwood and V. Kathleen Lockwood, (hereinafter "Plaintiffs"), by and through their attorneys of record, Daniel Aizenman and Rebecca J. David, of the law firm Aizenman Law Group, and in support of their claims against the Defendants, State Farm Fire and Casualty Company (hereinafter "State Farm"), and Gary and Jana Baccus, LLC (hereinafter "Gary Baccus"), and allege as follows:

### JURISDICTION

1. Plaintiffs, Kim Lockwood and V. Kathleen Lockwood, are citizens of Oklahoma County, State of Oklahoma.

2. Defendant, State Farm is licensed in the State of Oklahoma as a property and casualty insurer. This foreign corporation operates an extensive agent network and takes advantage

**EXHIBIT 2**

of Oklahoma customs, laws, and regulations to market its products to the property owners and citizens of Oklahoma for profit.

3. Defendant Gary and Jana Baccus, LLC is a domestic for-profit company conducting regular business in the State of Oklahoma and within Tulsa County, Oklahoma. Gary Baccus sells homeowner's insurance policies throughout the State of Oklahoma and within Oklahoma County, State of Oklahoma.

4. The subject property is located in this county and the events giving rise to the claim took place in Oklahoma County, therefore, jurisdiction and venue is proper under 12 O.S. §§ 132 and 137.

## FACTUAL ALLEGATIONS

5. Plaintiffs hereby adopt and incorporate by reference the preceding paragraphs as if fully restated herein.

6. State Farm issues dwelling insurance policies to Oklahoma residents, such as Plaintiffs.

7. State Farm insurance policies are sold exclusively through State Farm agents, such as Plaintiffs' policy purchased through agent Gary Baccus.

8. Plaintiffs purchased dwelling insurance[1] (hereinafter "the Policy") for their property with Gary Baccus, an insurance producer selling policies as an agent of Defendant State Farm.

9. At the time they purchased the Policy, Plaintiffs told Defendant Gary Baccus of their needs and was advised to purchase the Policy to best cover their property[2] (hereinafter "the Property").

---

[1] State Farm Policy Number 96-CS-3371-5.
[2] Property address: 3504 and 3506 Wynn Circle Edmond, Oklahoma 73013.

2

10. The foregoing State Farm Policy was in full force and effect at all times material.

11. Wind and hail perils are not limited or excluded from coverage under Plaintiffs' policy of insurance.

12. The Plaintiffs' Property was damaged by severe wind and hail on or about March 23, 2019.

13. Plaintiffs were unaware of the storm damage until July 11, 2020, when they were informed by an inspector that the roof had been severely damaged.

14. When the claim was first made, Oklahoma was in a state of emergency due to the COVID-19 pandemic.

15. A claim for loss was timely made under the policy and the assigned claim number was 36Z09N390Q.

16. The Proof of Loss also included notice from the Plaintiffs intended to sell the Property and asked for State Farm to inspect the property.

17. On August 18, 2020, an adjuster for State Farm inspected the Plaintiffs' Property.

18. State Farm's adjuster documented some damages, but failed to document a significant portion, and the claim was adjusted below the deductible required by Plaintiffs' Policy.

19. Then, in September of 2020, Plaintiffs' hired Chad T. Williams, an engineer from Valor Forensic Engineering, LLC, to inspect the property and damages and determine the extent of damages to the roof and dates of occurrence.

20. The engineer reported that Plaintiffs' roof and surrounding parts had sustained serious hail damage from a storm on March 23, 2019

21. The engineering report was sent to State Farm on January 15, 2021.

22. On February 11, 2021, ProNet Group, Inc., at the request of State Farm, requested to inspect the Property and was advised that the Property had already been sold.

23. On February 17, 2021, a letter was sent from Defendant State Farm to Plaintiffs advising that Defendant State Farm had not found any evidence of hail damage to the shingles, there was overlapping prior loss damage, wear and tear to the shingles, no insurable interest in the property due to the sale, and that the Plaintiffs delayed reporting the loss.

24. Defendant State Farm has failed and refused to pay the full benefits necessary to repair or replace those items which were specifically damaged as a result of this loss, and has denied specific and explicit coverage provisions of the Policy.

25. After the denial of their claim, Plaintiffs took a substantial loss on the sale of the property due to State Farm's failure to pay Plaintiffs' benefits owed under the Policy.

## CAUSES OF ACTION

### Claim No. 1 – Bad Faith
### (as to Defendant State Farm)

26. Plaintiffs hereby adopt and incorporate by reference the preceding paragraphs as if fully restated herein.

27. Defendant is an insurance company with authority to sell insurance in Oklahoma.

28. Defendant issued an insurance policy to Plaintiffs that included coverage for certain perils to Plaintiffs' Property.

29. The Policy's coverage included damages stemming from hail and wind.

30. Defendant failed to perform a prompt or reasonable investigation into Plaintiffs' insurance claim.

31. Defendant failed to fully and properly investigate and adjust the claim.

32. Defendant State Farm ignored evidence in its possession which tends to prove Plaintiffs' claim.

33. Defendant State Farm breached its contract by refusing to pay the full value of Plaintiffs' claim.

34. Plaintiff has performed all conditions precedent to recover under the insurance policy and has not excused Defendant's breach.

35. Defendant's refusal to pay for Plaintiffs' entire claim was unreasonable under the circumstances, and Defendant thereby violated its duty of good faith and fair dealing with Plaintiffs.

36. Due to Defendant's refusal to pay Plaintiffs' entire claim, Plaintiff has incurred attorney's fees and has experienced financial hardship and mental pain and anguish.

37. As a direct and proximate result of these failures by Defendant, Plaintiffs suffered damages in the form of lost benefits, emotional embarrassment and distress, mental pain and anguish, and financial hardship in excess of $75,000.00.

### Claim No. 2 – Breach of Contract
### (as to Defendant State Farm)

38. Plaintiffs hereby adopt and incorporate the preceding paragraphs as if fully restated herein.

39. Plaintiffs entered into a contract with Defendant State Farm for an insurance policy providing for coverage and benefits for their Property.

40. Plaintiffs timely paid Defendant State Farm the owed Policy premiums.

41. In exchange for the Policy premiums, Defendant agreed to provide Plaintiffs insurance coverage to Plaintiffs' Property.

42. In its handling of Plaintiffs' claim for benefits under the insurance policy, Defendant State Farm breached its contractual obligations by failing to pay the insurance benefits Plaintiffs were entitled to.

43. As a result of Defendant State Farm's breach of contract, Plaintiffs have suffered damages, including loss of the insurance policy benefits, mental and emotional distress, embarrassment, anxiety, expenses and financial hardship, all of which are in excess of Seventy-Five Thousand Dollars ($75,000.00).

### Claim No. 3 – Negligence
### (as to Defendant Gary and Jana Baccus, LLC)

44. Plaintiffs hereby adopt and incorporate the preceding paragraphs as if fully restated herein.

45. Defendant Gary Baccus owed duties of care to Plaintiffs as Plaintiffs' insurance agent / agency.

46. Defendant Gary Baccus has a superior knowledge and understanding of the insurance industry, State Farm insurance policies and insurance coverages and was best positioned to review and make recommendations to Plaintiffs and wholly failed to do so.

47. Defendant Gary Baccus failed to communicate the terms of the policy to Plaintiffs.

48. Plaintiffs relied on Defendant's negligence to their detriment and purchased the Policy. Defendant Gary Baccus breached the aforementioned duties by way of the actions of its owner, employee(s) and/or agent.

49. As a direct and proximate result of these failures by Defendant Gary Baccus, Plaintiffs suffered damages in the form of lost benefits, emotional embarrassment and distress, mental pain, anguish, and financial hardship in excess of $75,000.00.

### Claim No. 4 – Negligent Misrepresentation
### (as to Defendant Gary and Jana Baccus, LLC)

50. Plaintiff hereby adopts and incorporates the preceding paragraphs as if fully restated herein.

51. Defendant Gary Baccus owed duties of care to Plaintiffs as Plaintiffs' insurance agent / agency.

52. Defendant Gary Baccus has a superior knowledge and understanding of the insurance industry, State Farm insurance policies and insurance coverages and was best positioned to review and make recommendations to Plaintiffs and wholly failed to do so.

53. Defendant Gary Baccus failed to communicate the terms of the policy and/or made misrepresentations regarding the Policy's coverage to Plaintiffs.

54. Relying on Defendant Gary Baccus' negligent misrepresentations, Plaintiffs purchased the Policy to cover the Property.

55. As a direct and proximate result of these failures by Defendant Gary Baccus, Plaintiffs suffered damages in the form of lost benefits, emotional embarrassment and distress, mental pain, anguish, and financial hardship in excess of $75,000.00.

### Claim No. 5 – Exemplary and Punitive Damages
### (as to all named Defendants)

56. Plaintiffs hereby adopt and incorporate by reference the preceding paragraphs as if fully restated herein.

57. Defendants acted in reckless disregard of the rights of others, specifically Plaintiffs, and did a wrongful act intentionally and without just cause or excuse. Defendants acted in a willful, intentional and/or reckless manner when they took the actions described in this Petition.

58.     Defendants acted intentionally, willfully, wantonly, recklessly and/or with complete disregard towards the rights of Plaintiffs, entitling Plaintiffs to exemplary damages in an amount in excess of $75,000.00.

**WHEREFORE**, Plaintiffs, Kim Lockwood and V. Kathleen Lockwood, prays for judgment in their favor against Defendants, for a sum exceeding $75,000, for each claim exclusive of costs and interest, together with the awarding of attorney fees, costs, interest, punitive damages, and other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Daniel Aizenman*

Daniel Aizenman, OBA No. 30971
Rebecca J. David, OBA No. 32762
Aizenman Law Group, PLLC
5800 East Skelly Drive, Suite 575
Tulsa, Oklahoma 74135
**P:** (918) 426-4878
dan@aizenmanlaw.com
rebecca@aizenmanlaw.com
***Attorneys for Plaintiffs***